KERRY M. L. SMITH, OSB# 88103
SMITH & FJELSTAD
722 N. Main Ave.
Gresham, Oregon 97030
Telephone: (503) 669-2242
Facsimile: (503) 669-2249
smithandfjelstad@frontier.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| JAIMEE ATWOOD,<br><br>               Plaintiff,<br><br>    v.<br><br>PCC Structurals, Inc.,<br><br>               Defendant. | Civ. No.<br><br>COMPLAINT<br><br>(FMLA; OFLA; Title VII Religious Discrimination; Oregon Workplace Religious Freedom Act; ADA; State Disability Discrimination; Title VII Retaliation; State Retaliation; State Whistleblower Law; State Wrongful Discharge)<br><br>JURY TRIAL DEMANDED |

Ms. Atwood alleges:

### NATURE OF THE ACTION

1.      This is an action for damages under:  the Family Medical Leave Act of 1993

(FMLA), 29 U.S.C. §§ 2601–2654; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e;

Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981; and Title I of the Americans with

Page 1 of 17 - COMPLAINT

Disabilities Act of 1990, 42 U.S.C. §§ 12101–12213, to correct unlawful employment practices on the basis of (1) protected leave, (2) religious discrimination, (3) retaliation, (4) disability (actual, perceived, or record of), (5) failure to accommodate, and (6) failure to engage in the interactive process to vindicate the rights of Ms. Atwood and other qualified individuals to fair treatment and equal opportunities and to make Ms. Atwood whole.

2.      This is also an action for violations of:  Oregon Family Leave Act (OFLA), ORS 659A.150–186; Oregon Workplace Religious Freedom Act, ORS 659A.033; State Disability Discrimination law, ORS 659A.100–145; the Whistleblower Law, ORS 659A.199; State Retaliation law, ORS 659A.230; and State Wrongful Discharge, pursuant to the Court's ancillary jurisdiction.

## JURISDICTION AND VENUE

3.      The Court has subject matter jurisdiction over the federal law claims under 28 U.S.C. §§ 1331, 1337, and 1343.  This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12117(a), Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a), 2000e-3(a), and 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(A).  Both the federal and state law claims arise from a common nucleus of operative facts such that they ordinarily would be expected to be tried in one judicial proceeding.

4.      The Court has ancillary jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).  Both the federal and state law claims arise from a common nucleus of operative facts such that they ordinarily would be expected to be tried in one judicial proceeding.

5.    The actions alleged were committed in the District of Oregon, and venue is proper under 28 U.S.C. § 1391.

## PARTIES

6.    Plaintiff, Jaimee Atwood, is a citizen of the United States and the State of Oregon.

7.    Defendant, PCC Structurals, Inc., is an Oregon corporation, which is authorized to conduct business in Oregon and does conduct business in Oregon.

8.    All actions taken by the corporate defendant were taken through authorized agents or representatives.

## PROCEDURAL REQUIREMENTS

9.    Ms. Atwood filed two complaints with the Oregon Bureau of Labor and Industries (BOLI), which constituted joint filings with the Equal Employment Opportunity Commission (EEOC) pursuant to a work-sharing agreement between BOLI and the EEOC.  The complaints contained the religious discrimination (federal and state), family leave (state), retaliation (federal and state), disability (federal and state), and state whistleblowing claims of which Ms. Atwood now complains.

10.    Ms. Atwood received a Notice of Private Right of Action from BOLI and a Notice of Right to Sue from the EEOC, authorizing her to commence a civil action regarding the claims presented to BOLI and the EEOC.  Ms. Atwood has filed this complaint within the time allowed in the notices authorizing her to bring this action.  The claims not filed with BOLI and/or the EEOC are filed within the applicable statute of limitations.

///

## STATEMENT OF KEY FACTS

11.     Ms. Atwood worked for Defendant and was entitled to leave under FMLA and OFLA and to protection under Title VII of the Civil Rights Act of 1964, Title I of the Civil Rights Act of 1991, the ADA, as well as state disability discrimination, state retaliation, and state whistleblowing laws.  Ms. Atwood always performed her job duties for Defendant in a satisfactory manner.

12.     Defendant employed Ms. Atwood and was subject to FMLA, OFLA, Title VII of the Civil Rights Act of 1964, Title I of the Civil Rights Act of 1991, the ADA, as well as state disability discrimination, state retaliation, and state whistleblowing laws.

13.     Ms. Atwood suffers from a serious medical condition and a disability.  Prior to July 2012, Ms. Atwood submitted medical certification forms to Defendant, and Defendant approved Ms. Atwood's intermittent use of OFLA/FMLA leave on Sundays.

14.     Ms. Atwood used intermittent OFLA/FMLA leave on Sundays pursuant to her health care provider's orders to attend church as necessary for Ms. Atwood's serious medical condition.

15.     In July 2012, Defendant removed Ms. Atwood from her lead position and assigned her to work day shifts on Sundays through Thursdays.  Ms. Atwood used her intermittent OFLA/FMLA leave on Sunday pursuant to her health care provider's authorization.

16.     On or about September 23, 2012, Defendant began to deny Ms. Atwood's use of OFLA/FMLA leave on Sundays.

17.     On or about October 9, 2012, Ms. Atwood's health care provider completed a new medical certification for leave on Sundays.  Ms. Atwood submitted this medical certification to

Defendant.

18.    On or about November 7, 2012, Defendant denied Ms. Atwood's request for intermittent OFLA/FMLA leave and retroactively denied her use of OFLA/FMLA leave on at least four separate dates.

19.    Although Ms. Atwood complied with Defendant's request to obtain a second medical opinion from a health care provider whom Defendant selected, Defendant denied Ms. Atwood's request to obtain a third medical opinion.

20.    In 2013, Defendant reassigned Ms. Atwood's shift to Mondays through Fridays, with overtime on the weekend.  Defendant denied Ms. Atwood's request to work her required overtime on Saturdays due to her religious practices and her serious medical condition.

21.    Defendant allows other employees to work all their required overtime on Saturdays and to have Sundays off from work.

22.    Ms. Atwood filed two BOLI/EEOC complaints against Defendant.  Defendant had notice of Ms. Atwood's BOLI/EEOC complaints.

23.    Ms. Atwood provided Defendant a medical certification for sick child leave under OFLA from March 11 through March 18, 2013.  Ms. Atwood used her sick child leave under OFLA from March 11 through March 15, 2013, and also called Defendant each day to report her use of leave.

24.    Defendant suspended Ms. Atwood on April 11, 2013, and terminated Ms. Atwood on April 15, 2013.  Defendant stated the reason was attendance, including Ms. Atwood's allegedly late call on March 14, 2013, while she used sick child leave under OFLA.

25.    If Defendant had properly calculated and allowed Ms. Atwood's requested

OFLA/FMLA leave, she would have remained within the number of absences that Defendant permitted.

26.     Defendant has allowed other employees to exceed the number of permissible absences without taking adverse action against them.

27.     Defendant had previously allowed Ms. Atwood to exceed the number of permissible absences without taking adverse action against her before she filed a BOLI/EEOC complaint against Defendant.

28.     While employed with Defendant, Ms. Atwood had, or reasonably believed she had, a disability under state and federal law.  In the alternative, Ms. Atwood had a record of a disability or Defendant perceived her as disabled.

29.     While employed with Defendant, Ms. Atwood requested that Defendant accommodate her disability and requested that Defendant engage in an interactive process designed to determine whether Defendant could accommodate her disability.

30.     In the alternative, Defendant was aware that Ms. Atwood required accommodation to perform her essential job functions and that an interactive process was necessary and/or required to determine whether she could perform her essential job functions either with or without accommodation.

## FIRST CLAIM FOR RELIEF

### (FMLA)

31.     Ms. Atwood incorporates the allegations in paragraphs 1 through 30.

32.     At all material times, Ms. Atwood was eligible for FMLA leave and Defendant was subject to FMLA.

33.     During her employment with Defendant, Ms. Atwood provided notice of her intent to take FMLA leave for her serious medical condition and complied with Defendant's requests for medical certifications.

34.     Defendant denied Ms. Atwood FMLA leave to which she was entitled and/or otherwise interfered with Ms. Atwood's right to use FMLA leave, including by terminating her employment.

35.     Defendant's actions constituted unlawful employment practices in violation of FMLA.  Defendant's actions were part of a pattern and practice of FMLA violations and Ms. Atwood is entitled to an injunction requiring defendant to properly administer FMLA leave.

36.     Defendant's employment practices as alleged deprived Ms. Atwood of equal employment opportunities and otherwise adversely affected her status as an employee.  As a result, Ms. Atwood suffered lost wages and benefits of employment, as well as other economic damages, in an amount to be determined at trial.

37.     Defendant's actions were wilful Ms. Atwood is entitled to recover from Defendant liquidated damages in an amount equal to her economic damages.

38.     Ms. Atwood is entitled to recover her reasonable attorney fees, expert witness expenses, and litigation costs.

## SECOND CLAIM FOR RELIEF

### (OFLA)

39.     Ms. Atwood incorporates the allegations in paragraphs 1 through 30.

40.     At all material times, Ms. Atwood was eligible for OFLA leave and Defendant was subject to OFLA.

41.     During her employment with Defendant, Ms. Atwood provided notice of her intent to take OFLA leave for her serious medical condition and complied with Defendant's requests for medical certifications.

42.     Defendant denied Ms. Atwood OFLA leave to which she was entitled and/or otherwise interfered with Ms. Atwood's right to use OFLA leave, including by terminating her employment.

43.     Defendant's actions constituted unlawful employment practices in violation of OFLA.  Defendant's actions were part of a pattern and practice of OFLA violations and Ms. Atwood is entitled to an injunction requiring defendant to properly administer FMLA leave.

44.     Defendant's employment practices as alleged deprived Ms. Atwood of equal employment opportunities and otherwise adversely affected her status as an employee.  As a result, Ms. Atwood suffered lost wages and benefits of employment, as well as other economic damages, in an amount to be determined at trial.

45.     Ms. Atwood is entitled to recover her reasonable attorney fees, expert witness expenses, and litigation costs.

## THIRD CLAIM FOR RELIEF

(Title VII Religious Discrimination)

46.     Ms. Atwood incorporates the allegations in paragraphs 1 through 30.

47.     At all material times, Defendant was subject to Title VII of the Civil Rights Act of 1964, which prohibits employers from discriminating against employees based on religion and requires employers to reasonably accommodate employee's religious practices.

48.     During her employment with Defendant, Ms. Atwood requested that Defendant accommodate her religious practices by allowing her to attend church on.

49.     Defendant discriminated against Ms. Atwood's religious practices by denying Ms. Atwood leave to attend church on Sundays and/or otherwise interfered with Ms. Atwood's right to practice her religion, including by terminating her employment based on her unavailability to work on Sundays due to her religious practices.

50.     Defendant's actions constituted unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964.

51.     Defendant's employment practices as alleged deprived Ms. Atwood of equal employment opportunities and otherwise adversely affected her status as an employee.  As a result, Ms. Atwood suffered lost wages and benefits of employment, as well as other economic damages, in an amount to be determined at trial.

52.     Ms. Atwood is entitled to recover from Defendant her general, noneconomic damages in an amount to be determined at trial.

53.     Ms. Atwood is entitled to recover her reasonable attorney fees, expert witness expenses, and litigation costs.

## FOURTH CLAIM FOR RELIEF

### (Oregon Workplace Religious Freedom Act)

54.     Ms. Atwood incorporates the allegations in paragraphs 1 through 30.

55.     At all material times, Defendant was subject to the Oregon Workplace Religious Freedom Act, ORS 659A.033, which prohibits employers from discriminating against employees

based on religion, including by denying employees available leave to engage in their religious observances or practices.

56.    During her employment with Defendant, Ms. Atwood requested that Defendant accommodate her religious practices by allowing her to attend church on.

57.    Defendant discriminated against Ms. Atwood's religious practices by denying Ms. Atwood leave to attend church on Sundays and/or otherwise interfered with Ms. Atwood's right to practice her religion, including by terminating her employment based on her unavailability to work on Sundays due to her religious practices.

58.    Defendant's actions constituted unlawful employment practices in violation of the Oregon Workplace Religious Freedom Act.

59.    Defendant's employment practices as alleged deprived Ms. Atwood of equal employment opportunities and otherwise adversely affected her status as an employee.  As a result, Ms. Atwood suffered lost wages and benefits of employment, as well as other economic damages, in an amount to be determined at trial.

60.    Ms. Atwood is entitled to recover from Defendant her general, noneconomic damages in an amount to be determined at trial.

61.    Ms. Atwood is entitled to recover her reasonable attorney fees, expert witness expenses, and litigation costs.

## FIFTH CLAIM FOR RELIEF

### (ADA)

62.    Ms. Atwood incorporates the allegations in paragraphs 1 through 30.

63.     At all material times, Ms. Atwood was a qualified individual with a disability pursuant to the ADA.  Her disability substantially limits one or more of her major life activities.

64.     At all material times, Ms. Atwood was able to perform the essential functions of her job position either with or without accommodation.

65.     Alternatively, Ms. Atwood had a record of a disability or was perceived as disabled.

66.     Defendant discriminated against Ms. Atwood and terminated her employment due to her disability.

67.     Defendant failed and refused to accommodate Ms. Atwood's disability.

68.     Defendant failed and refused to engage in an interactive process to determine whether Defendant could accommodate Ms. Atwood's disability.

69.     Defendant, directly and through its agents, treated Ms. Atwood in a disparate, discriminatory and harassing manner because of her actual disability, her record of disability, and/or her perceived disability.

70.     Defendant's actions constituted unlawful employment practices in violation of the ADA.

71.     Defendant's employment practices as alleged deprived Ms. Atwood of equal employment opportunities and otherwise adversely affected her status as an employee.  As a result, Ms. Atwood suffered lost wages and benefits of employment, as well as other economic damages, in an amount to be determined at trial.

72.     Ms. Atwood is entitled to recover from Defendant her general, noneconomic damages in an amount to be determined at trial.

73.     Defendant's acts were part of a pattern and practice of discrimination against individuals with disabilities.  The Court should enter a permanent injunction prohibiting such conduct in the future.

74.     Ms. Atwood is entitled to recover her reasonable attorney fees, expert witness expenses, and litigation costs.

## SIXTH CLAIM FOR RELIEF

### (State Disability Discrimination)

75.     Ms. Atwood incorporates the allegations in paragraphs 1 through 30 and paragraphs 63 through 70.

76.     Defendant's actions violated Oregon law relating to disability discrimination.

77.     Ms. Atwood is entitled to recover the damages alleged in paragraphs 71 and 72 and the injunction alleged in paragraph 73.

78.     Pursuant to ORS 659A.885, Ms. Atwood is entitled to recover her attorney fees and costs.  She is entitled under ORS 20.107 to recover expert witness expenses.

//

## SEVENTH CLAIM FOR RELIEF

### (Title VII Retaliation)

79.     Ms. Atwood incorporates the allegations in paragraphs 1 through 30.

80.     At all material times, Defendant was subject to Title VII of the Civil Rights Act of 1964, which prohibits employers from retaliating against employees for complaining about discrimination, filing a charge of discrimination, or participating in an employment discrimination investigation or action.

81.    After Ms. Atwood complained to defendant's agents regarding prohibited conduct and after she filed BOLI/EEOC complaints against Defendant, Defendant retaliated against Ms. Atwood in the terms and conditions of her employment and by terminating her employment.

82.    Defendant's actions constituted unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964.

83.    Defendant's employment practices as alleged deprived Ms. Atwood of equal employment opportunities and otherwise adversely affected her status as an employee.  As a result, Ms. Atwood suffered lost wages and benefits of employment, as well as other economic damages, in an amount to be determined at trial.

84.    Ms. Atwood is entitled to recover from Defendant her general, noneconomic damages in an amount to be determined at trial.

85.    Ms. Atwood is entitled to recover her reasonable attorney fees, expert witness expenses, and litigation costs.

## EIGHTH CLAIM FOR RELIEF

(State Retaliation – ORS 659A.230)

86.    Ms. Atwood incorporates the allegations in paragraphs 1 through 30 and paragraphs 80 through 82.

87.    Defendant's actions violated Oregon law, which prohibits an employer from discharging, suspending, discriminating, or retaliating against an employee who has brought a civil proceeding against the employer.

88.    Ms. Atwood is entitled to recover the damages alleged in paragraphs 83 and 84.

89.     Pursuant to ORS 659A.885, Ms. Atwood is entitled to recover her attorney fees and costs.  She is entitled under ORS 20.107 to recover expert witness expenses.

## NINTH CLAIM FOR RELIEF

(Whistleblower Law – ORS 659A.199)

90.     Ms. Atwood incorporates the allegations in paragraphs 1 through 30.

91.     A substantial factor in Defendant's decisions to alter Ms. Atwood's work environment, treat her differently than other similarly situated employees suspend and/or terminate Ms. Atwood was that Ms. Atwood had filed a discrimination claims with BOLI and the EEOC and/or complained to defendant regarding defendant's actions.  Ms. Atwood is not required to exhaust her administrative remedies regarding this claim and has filed this claim within one year of Defendant's suspending and/or terminating her.

92.     As a result of Defendant's actions, Ms. Atwood is entitled to recover the damages alleged in paragraphs 50 and 51.

93.     Pursuant to ORS 649A.885, Ms. Atwood is entitled to recover her attorney fees and costs.  She is entitled under ORS 20.107 to recover expert witness expenses.

## TENTH CLAIM FOR RELIEF

(State Wrongful Discharge)

(Count 1)

94.     Ms. Atwood incorporates the allegations in paragraphs 1 through 30 and 40 through 43.

95.     Throughout her employment with Defendant, Ms. Atwood asserted her OFLA/FMLA rights.

96.     The right of Ms. Atwood to assert her OFLA/FMLA rights is an important

societal interest.

97.     Ms. Atwood's rights are not fully and adequately protected by existing statutory

remedies, and the statutory remedies, if any, were not intended to replace the common law

remedy of wrongful discharge.

98.     A substantial factor in the negative treatment Ms. Atwood received after filing for

OFLA/FMLA, her suspension and/or her termination was her use of OFLA/FMLA rights, the

interference with her OFLA rights, and/or her assertion of her OFLA rights as Defendant's

employee.

99.     As a result of Defendant's actions, Ms. Atwood is entitled to recover the damages

alleged in paragraphs 50 and 51.

(Count 2)

100.     Ms. Atwood incorporates the allegations in paragraphs 1 through 30, 55 through

58, 86 through 87, and 91.

101.     Ms. Atwood filed a BOLI/EEOC complaint against Defendant, alleging violations

of OFLA, religious discrimination laws, and disability discrimination laws.

102.     After Ms. Atwood filed a BOLI/EEOC complaint against Defendant, Defendant

treated Ms. Atwood differently than similarly situated employees who had not filed BOLI/EEOC

claims were treated and terminated Ms. Atwood's employment.

103.     A substantial factor in the decision to treat Ms. Atwood differently, suspend

and/or terminate Ms. Atwood was her filing the complaint alleged in paragraph 101.  Ms.

Atwood is not required to exhaust her administrative remedies regarding this claim and has filed this claim within one year of Defendant's suspending and/or terminating her.

104.    Ms. Atwood's right to complain to BOLI/EEOC that Defendant had violated OFLA, religious discrimination laws, and disability discrimination laws is an important societal right protected under ORS 659A.199 and ORS 659A.230.

105.    ORS 659A.199 and/or ORS 659A.230 do not adequately protect Ms. Atwood's rights and are not otherwise exclusive statutory remedies.

106.    As a result of Defendant's conduct, Ms. Atwood suffered the damages alleged in 50 and 51.

**WHEREFORE**, Ms. Atwood demands trial by jury and requests this Court to grant the following relief:

1.    An award of lost wages, benefits, and other economic damages against Defendant in an amount to be determined at trial.

2.    An award of liquidated damages in an amount to be determined at trial.

3.    An award of compensatory damages for emotional distress in an amount to be determined at trial.

4.    Declaratory and injunctive relief precluding Defendant from subjecting her or other similarly situated employees to unlawful employment practices in the future.

5.    An award of pre-judgment and post-judgment interest in all amounts due to Ms. Atwood as a result of this action.

6.    An award of costs, reasonable attorney fees, and expert witness fees.

///

7.      Such further or alternative relief in favor of Ms. Atwood as the Court deems just,

equitable, and appropriate.

Dated:  January 6, 2014.

SMITH & FJELSTAD

By: /s/ Kerry M. L. Smith_____
        Kerry M. L. Smith
OSB NO. 881033
Of Attorneys for Plaintiff

**JURY TRIAL DEMANDED**

Ms. Atwood demands a jury trial on all questions of fact or combined questions of law

and fact raised in this Complaint.

Dated:  January 6, 2014.

SMITH & FJELSTAD

By: /s/ Kerry M. L. Smith_____
Kerry M. L. Smith
OSB NO. 881033
Of Attorneys for Plaintiff